JLG:KM
F. #2025R00257

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT |
| -against- | |
| ANIBAL EDGARDO MEJIA GUZMAN, | (T. 18, U.S.C., §§ 111(a)(1) and 111(b)) |
| Defendant. | Case No. 25-MJ-138 (LGD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

ANDREW STEINBORN, being duly sworn, deposes and states that he is a Deportation Officer with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), duly appointed according to law and acting as such.

ASSAULT OF FEDERAL OFFICERS

On or about April 11, 2025, within the Eastern District of New York, the defendant ANIBAL EDGARDO MEJIA GUZMAN did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with one or more officers and employees of the United States, to wit: two ICE-ERO Deportation Officers ("Deportation Officer-1" and "Deportation Officer-2") and one Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("Special Agent-1"), individuals whose identities are known to the deponent, while such officers and employees were engaged in, and on account of,

the performance of official duties, and such act involved physical contact with Deportation Officer-1, Deportation Officer-2 and Special Agent-1 and inflicted bodily injury to Deportation Officer-1 and Deportation Officer-2.

(Title 18, United States Code, Sections 111(a)(1) and 111(b))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Deportation Officer with ICE-ERO and have been involved in the investigation of numerous cases involving immigration offenses, both criminal and administrative. As a result, I have also been involved in effecting the arrests of individuals wanted for criminal immigration offenses as well as for administrative offenses, and I am generally familiar with the federal laws regarding resisting arrest and assault of federal officers. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file and from reports of other law enforcement officers involved in the investigation.

2. On or about April 11, 2025, Deportation Officer-1 and Special Agent-1 were conducting surveillance near a residence on Belmont Avenue in West Hempstead, New York (the "Belmont Residence") in an attempt to locate and arrest a subject whose identity is known to me. At approximately 7:20 a.m., Deportation Officer-1 and Special Agent-1 saw an individual, later identified as the defendant ANIBAL EDGARDO MEJIA GUZMAN, whose appearance matched the physical description of the subject, exit the Belmont Residence and enter a vehicle bearing a Maryland license plate.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

3.     Shortly after the defendant ANIBAL EDGARDO MEJIA GUZMAN drove away from the Belmont Residence, Deportation Officer-1 and Special Agent-1 conducted a vehicle stop.  They approached the vehicle and verbally identified themselves as law enforcement officers.  Deportation Officer-1 and Special Agent-1 attempted to communicate with MEJIA GUZMAN, but he did not respond, nor did he open the car window; and he kept his hands concealed from their view.  Deportation Officer-1 opened the unlocked driver's side door of the vehicle, at which point MEJIA GUZMAN grabbed one of Deportation Officer-1's arms.  Deportation Officer-1 and Special Agent-1 again identified themselves as law enforcement officers and ordered MEJIA GUZMAN to stop resisting and to exit the vehicle; but MEJIA GUZMAN continued to fight against the law enforcement officers.  During the ensuing struggle, MEJIA GUZMAN struck both Deportation Officer-1 and Special Agent-1 in the face with his elbow, causing Deportation Officer-1 to sustain a swollen and bloody lip.

4.     During their attempt to place the defendant ANIBAL EDGARDO MEJIA GUZMAN under arrest, Special Agent-1 observed a utility knife clipped to MEJIA GUZMAN's front right-side pocket, which Special Agent-1 attempted to remove and secure.  MEJIA GUZMAN then fought with Special Agent-1 to maintain control and possession of the utility knife.  After Special Agent-1 secured the utility knife, MEJIA GUZMAN continued to resist against and physically fight with the law enforcement officers.  Deportation Officer-2 thereafter responded to the scene, to assist in arresting MEJIA GUZMAN.  Deportation Officer-2 sustained abrasions to his hands during his attempt to handcuff MEJIA GUZMAN.

5.     After several minutes, the defendant ANIBAL EDGARDO MEJIA GUZMAN was handcuffed and placed under arrest.  While searching MEJIA GUZMAN's person at the time of his arrest, law enforcement officers recovered a Honduran identification

card bearing MEJIA GUZMAN's name, date of birth, and other identifiers. Following his arrest, MEJIA GUZMAN signed a waiver of his Miranda rights and provided a written statement to law enforcement officers in which MEJIA GUZMAN, in substance and in relevant part, confirmed his name and date of birth, stated that he crossed the border into the United States illegally, and stated that has no lawful status in the United States. MEJIA GUZMAN was thereafter taken into immigration custody for being in the United States unlawfully.

    WHEREFORE, your deponent respectfully requests that an arrest warrant for the defendant ANIBAL EDGARDO MEJIA GUZMAN be issued, and that he may be dealt with according to law.

_____
ANDREW STEINBORN
Deportation Officer
United States Immigration and Customs
Enforcement, Enforcement and Removal
Operations

Sworn to me through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 15th day of April 2025.

   s/ Lee G. Dunst
_____
THE HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK