

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CNR:dtt
F. #2025R00257

*610 Federal Plaza*
*Central Islip, New York 11722*

May 27, 2025

<u>By Email and ECF</u>
Felipe Andres Garcia, Esq.
Federal Defenders of NY, Inc.
770 Federal Plaza
Central Islip, New York 11722

      Re:   <u>United States v. Edgardo Anibal Mejia-Guzman</u>
            <u>Criminal Docket No. 25-CR-174(JS)</u>

Dear Mr. Garcia:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. Specifically, the government is providing you with documents and items bates-numbered GUZMAN000001-GUZMAN000129 via a shareable site, USA File Exchange.

      **Please be advised that you must download the materials from USA File Exchange within 60 days from the date they were uploaded. The USA File Exchange is not a storage site and the materials are automatically deleted within 60 days.**

      The government also requests reciprocal discovery from the defendant.

I.     <u>The Government's Discovery</u>

    A.     <u>Statements of the Defendant</u>

      Summaries of statements made by the defendant are enclosed, Bates-numbered GUZMAN000001-GUZMAN000008, and are also reflected in the enclosed documents from the defendant's U.S. Citizenship and Immigration Services Alien File, which is Bates-numbered GUZMAN000009-GUZMAN000113.

    B.     <u>The Defendant's Criminal History</u>

      Responsive documents related to the defendant's prior criminal history are enclosed in the defendant's U.S. Citizenship and Immigration Services Alien File, which is Bates-numbered GUZMAN000009-GUZMAN000113.

  C. <u>Documents and Tangible Objects</u>

Responsive documents are enclosed in the documents produced, including the defendant's U.S. Citizenship and Immigration Services Alien File, which is Bates-numbered GUZMAN000009-GUZMAN000113, additional documents from the U.S. Department of Homeland Security, Bates-Numbered GUZMAN000114-GUZMAN000121, photos Bates-numbered GUZMAN000122-GUZMAN000128, and a video, Bates-numbered GUZMAN000129 . You may examine any physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

  D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any reports of examinations or tests conducted in connection with this case, as they become available.

  E. <u>Expert Witnesses</u>

The government will copy with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

  F. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

  G. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody

or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by June 15, 2025. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney(s) with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

      Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

                                                  Very truly yours,

                                                  JOSEPH NOCELLA, JR.
                                                  United States Attorney

                            By:    /s/ Charles N. Rose
                                                  Charles N. Rose
                                                  Assistant U.S. Attorney
                                                  (631) 715-7844

Enclosures

cc:    Clerk of the Court (JS) (by ECF) (without enclosures)