CNR:SAE
F. #2025R00257

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                                  25-CR-174 (JS)

ANIBAL EDGARDO MEJIA GUZMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## THE PARTIES' PROPOSED VOIR DIRE REQUESTS
## AND LIST OF NAMES, PLACES, AND ENTITIES


JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
271A Cadman Plaza East
Brooklyn, New York 11201


| | |
|---|---|
| Sarah Elardo | Felipe Garcia |
| Special Assistant U.S. Attorney | Assistant Federal Defender |
| (718) 254-6263 | (631) 712-6513 |
| (Of Counsel) | Attorney for Anibal Mejia Guzman |

The parties respectfully submit their joint proposals in black text. Where the parties disagree, the government submits its proposal in blue text, and the defendant submits his proposal in red text.

## PRELIMINARY STATEMENT

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court, in addition to the Court's usual voir dire, ask the following questions in jury selection for this case. The parties further request that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against the government or the defendant.

## STATEMENT OF THE CASE

A. The Government's Proposed Statement of the Case:

The defendant, Anibal Edgardo Mejia Guzman, is charged by indictment with one count or "charge": assault on a federal officer. The indictment alleges that on April 11, 2025, the defendant did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with one or more officers and employees of the United States, while such officers were engaged in, and on account of, the performance of official duties. Such act involved physical contact, which inflicted bodily injury to United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Deportation Officer John Dickerson.

B.   Defendant's Proposed Statement of the Case:

This is a criminal case. On April 11, 2025, immigration officers were attempting to execute a warrant of deportation and removal for someone other than the defendant, Anibal Edgardo Mejia Guzman. Immigration officers subsequently stopped, arrested, and charged Mr. Mejia Guzman, with one count: assault on a federal officer. Mr. Mejia Guzman is not charged with immigration-related offenses.[1] Specifically, the government alleges that on April 11, 2025, Mr. Mejia Guzman did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidated, and interfere with law enforcement officers who were engaged in their official duties. The government alleges that Mr. Mejia Guzman's actions involved physical contact with U.S. Immigration and Customs Enforcement, Deportation Officer John Dickerson, and Department of Homeland Security, Special Agent Joshua Abbensetts. The government alleges that Mr. Mejia Guzman inflicted bodily injury to Deportation Officer John Dickerson. Mr. Mejia Guzman has pled not guilty to this charge.

ANTICIPATED LENGTH OF TRIAL

Trial in this case is expected to last three days.

JOINT PROPOSED QUESTIONS

The parties respectfully request that the Court ask the following proposed questions to prospective jurors:

---

[1] The government respectfully objects to this sentence of the defendant's proposed statement of the case. The inclusion of this sentence is not necessary in the initial statement of the defendant's case.

3

## PERSONAL KNOWLEDGE OF CASE[2]

1.	The United States is represented in this case by Assistant United States Attorneys **SARAH ELARDO** and **CHARLES ROSE**, and they are being assisted by paralegal specialist **DEJAH TURLA,** all of whom work at the United States Attorney's Office in the Eastern District of New York. **PLEASE STAND.** Do you know or have you had any contact with these individuals?

2.	Anibal Mejia Guzman is represented in this case by his attorneys**, FELIPE GARCIA AND MICHELLE GELERNT,** and paralegal/investigator **YVETTE GENAO. PLEASE STAND.** Do you know or have you had any contact with **FELIPE GARCIA, MICHELLE GELERNT**, or **YVETTE GENAO?**

3.	Does anyone know Anibal Mejia Guzman? Do you know or have you had dealings, directly or indirectly, with Mr. Mejia Guzman or any of his relatives, friends, or associates? Do any of your relatives, friends, associates, or employers know him?

---

[2] A list of names, places, and entities is attached as Exhibit 1.

4.  I am now going to read a list of names of individuals who may testify or be mentioned during trial. Please raise your hand if you know any of these people, or if you or any of your relatives, friends, or associates have had any deadlines with them indirectly:

[Read names attached in Exhibit 1]

5.  Please look around you. Do you know or recognize any other member of the prospective jury panel, the courtroom staff, or me?

6.  The conduct alleged in this case took place in various locations, including: [Read locations from Exhibit 1]. Are any of you familiar with those areas?

HARDSHIPS/MEDICAL PROBLEMS/LANGUAGE

7.  Government's Proposed Question: Do any of you have any physical problems or an extraordinary personal hardship that would prevent you from serving in this case for the amount of time I have indicated? Do any of you have any physical problem sitting for periods of time?

8.  Defense Proposed Question: Trial is estimated to take 3 days, while the parties do not anticipate it run longer, it could. The jury will sit Monday through Friday, generally from 9:30am to 5:00pm, although the starting and ending times may vary. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week or the next, such that you could be faced with a hardship if selected to serve on the jury in this case?

9.  Joint Proposed Question: Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

10. Joint Proposed Question: Do any of you have any difficulty with your sight or hearing that could affect your perception of the proceedings?

11. <u>Joint Proposed Question</u>: Do any of you have any difficulty understanding, reading, or speaking English?

12. <u>Joint Proposed Question</u>: In addition to English, do any of you read or understand any other languages?

13. <u>Joint Proposed Question</u>: Is there anyone who has a religious, philosophical, moral or other belief that might make you unable to be a fair and impartial juror in this case and render a verdict based on the law and evidence?

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF & REASONABLE DOUBT

14. <u>Government's Proposed Question</u>: Even though Mr. Mejia Guzman has been charged with a specific crime, the law requires you to presume that he is innocent of the charge. It is the government's burden to overcome this presumption of innocence and prove every element of every crime charged beyond a reasonable doubt in order to find him guilty. Do you think you might have any difficulty presuming the defendant innocent and holding the government to this burden of proof?

15. <u>Defense Proposed Question</u>: A fundamental principle of our legal system is that persons charged with a criminal offense are presumed innocent unless the government proves their guilt beyond a reasonable doubt. Mr. Mejia Guzman is presumed innocent of the charge against him. That means that, as he sits before you today, he is presumed to be innocent. That presumption of innocence doesn't end today, but it follows Mr. Mejia Guzman throughout this trial, to the deliberation room. Do any of you have any difficulty following the law that Mr. Mejia Guzman is presumed innocent not only at the outset but that he remains innocent all throughout the trial and

even in the jury deliberation room unless the government proves him guilty beyond a reasonable doubt?[3]

16.     <u>Defense Proposed Question</u>: The government has the burden of proof in this case. This means that the government must prove each and every element of the charge beyond a reasonable doubt. This burden never shifts to the defense at any point throughout the trial. This means that Mr. Mejia Guzman does not need to produce any evidence whatsoever to prove his innocence. That burden of proving this case beyond a reasonable doubt is on the government alone. Do any of you believe you would have difficulty holding the government to their burden of beyond a reasonable doubt in this case?

17.     <u>Defense Proposed Question</u>: In determining whether or not the government has proven guilty beyond a reasonable doubt, you should be guided solely by full and fair evaluation of the evidence and lack of evidence in this case. Your verdict cannot be based on baseless speculation or guesswork. Can you follow this instruction and not substitute guesswork or speculation for proof beyond a reasonable doubt?

18.     <u>Government's Proposed Question</u>: The indictment is not evidence of guilt. It is simply a charging document. Do any of you believe that the fact that Mr. Mejia Guzman has been arrested and indicted, and is here in court facing these charges, would cause you to have preconceived opinions on his guilt or innocence?

<u>Defense Proposed Question</u>: Mr. Mejia Guzman was charged by indictment. The indictment is not evidence. It is merely the formal manner of informing the accused of the charges against him. Is there anyone who feels that merely because someone has

---

[3] The government respectfully objects to this question as it is improperly biased towards the defendant.

been arrested and indicted that he is probably guilty?

19. <u>Defense Proposed Question</u>: Does anyone have an opinion as to Mr. Mejia Guzman's guilt or innocence at this moment?

20. <u>Defense Proposed Question</u>: The mere fact that Mr. Mejia Guzman has been charged with a crime is not proof or evidence that he committed a crime. Can all of you accept this fundamental principle of our legal system?

21. <u>Defense Proposed Question</u>: Does anyone believe that because Mr. Mejia Guzman has been charged with crimes, that means he is probably guilty?

22. <u>Defense Proposed Question</u>: Do you accept the fact that people can be falsely accused? Why or why not?[4]

23. <u>Defense Proposed Question</u>: Proof beyond a reasonable doubt is the highest burden of proof in the United States legal system, and it is imposed on the government when they seek to convict someone of committing a crime. Does anyone think that this burden of proof should be lower or higher, meaning should it be easier or harder for the government to convict someone for committing a crime?[5]

24. <u>Joint Proposed Question</u>: We ask these questions so that the parties and the government can be assured that you can be fair and impartial jurors in this case. You are the best judge of how you think and what opinions or beliefs you may possess that may impact how you listen to and evaluate the evidence in this case. If you have any concerns about your ability to follow the principles of our legal system which I have discussed, please let me know. We

---

[4] The government objects to this question. It is extremely prejudicial and not relevant. The jury's role is to determine whether the defendant is on trial for.

[5] The government respectfully objects to this question as an improper characterization of the government's burden and improper to pose to the jury.

understand it may be uncomfortable to express concerns about your ability to be fair or adhere to these principles in our law. You do no one any favors by failing to alert the Court to any concerns you may have regarding our ability to follow the law or the Court's instructions. If you have such concerns, you may raise your hand and you can discuss them privately with the Court and the attorneys for the parties.

## JURY VERDICT

25. <u>Joint Proposed Question</u>: The government has the burden of proving each element of each crime beyond a reasonable doubt.  If the government fails to do this, the jury is required to return a verdict of not guilty.  Is there anyone who is unable to accept and apply this rule of law?  On the other hand, if the government proves its case to you beyond a reasonable doubt, you must find the defendant guilty.  Is there anyone who feels that even if the evidence established the defendant is guilty beyond a reasonable doubt, you would not be able to render a guilty verdict for any reason?  Please explain

26. <u>Government's Proposed Question</u>: Will each of you, although it is your right and duty to listen to the opinions of your co-jurors, render a verdict that will be true to your own understanding and finding with respect to the evidence and with the Court's instructions on the law?

> <u>Defense Proposed Question</u>: To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you

have difficulty expressing your opinions and thoughts about this case to your fellow jurors?[6]

## DEFENDANT'S TESTIMONY

27.  <u>Government's Proposed Question</u>: The judge will instruct you that because the government bears the burden of proof, no defendant is required to testify in a criminal case. For that reason, if Mr. Mejia Guzman does not testify, you cannot hold that decision against him in any way during your jury deliberations. Would you have any difficulty finding Mr. Mejia Guzman not guilty if the government does not prove his guilt beyond a reasonable doubt, even if he does not testify in his own defense?[7]

> <u>Defense Proposed Question</u>: It is not Mr. Mejia Guzman's or his attorneys' responsibility to prove Mr. Mejia Guzman innocent. Therefore, under the law, Mr. Mejia Guzman has no obligation to testify or present any evidence in this case and may in fact, stay silent because he is presumed innocent. As I will instruct you now, and again at the end of the case, you cannot draw a negative conclusion or hold it against Mr. Mejia Guzman in any way – if he does not testify. Would anyone find it difficult to find Mr. Mejia Guzman not guil if he doesn't testify himself?[8]

---

[6] The government respectfully objects to this question. The question instructs the jury of how to come to a verdict, which is improper.

[7] The defense respectfully objects to this question. The instruction misleads the jury into thinking the only reason a defendant doesn't have to testify is because the government bears the burden of proof, and it doesn't mention the presumption of innocence.

[8] The government respectfully objects to his question as it is improperly biased toward the defendant, and thus inappropriate for <u>voir dire</u>.

10

28.     Defense Proposed Question: Would anyone find it difficult to find Mr. Mejia Guzman not guilty if he does not call witnesses on his own behalf?[9]

29.     Defense Proposed Question: Would anyone not believe Mr. Mejia Guzman if he testified simply because he has an interest in the outcome of the case?[10]

TIES TO LAW ENFORCEMENT, MILITARY, LAW

30.     Joint Proposed Question: Have you or a member of your family or close friends ever been employed by or otherwise affiliated with a law enforcement agency? (This would include a state, federal, county and local police department, the U.S. Attorney's Office, the District Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security, the Secret Service, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Internal Revenue Service, all federal, state, county and municipal prosecutor's offices, medical examiner's offices, courts, probation offices, and correctional facilities such as federal prisons, state prisons, local jails, and juvenile facilities)? If yes, what agency?  If so, for whom did you work, for how long, and what was the nature of your duties?  Do you have any feelings about these agencies that you believe would affect your ability to be a fair and impartial juror in this case?

31.     Joint Proposed Question: Have you or any of your relatives or close friends worked for a criminal defense lawyer or private investigator?

32.     Joint Proposed Question: Are you or any family members or close friends a law school graduate, lawyer, judge, law clerk, court attendant, or other type of court personnel?

---

[9] The government respectfully objects to this question. The question instructs the jury of how to come to a verdict, which is improper.

[10] The government respectfully objects to this question. The question instructs the jury of how to come to a verdict, which is improper.

11

33. <u>Joint Proposed Question</u>: Have you or any family members ever served in the armed forces? If yes, what branch? What were your duties? What was your rank?

34. <u>Joint Proposed Question</u>: Do you or any member of your family have any relationship, or close friendship, with any city, state or federal law enforcement officer? If so, does he or she talk about their work? Will this affect your ability to judge the facts in this case?

## PRIOR JURY SERVICE

35. <u>Joint Proposed Question</u>: Have you or any member of your family served as a member of a grand jury, state or federal? If so, do you feel that service would affect your ability to be fair in this case? Has your grand jury duty left you with any particularly strong feelings, positive or negative, about our system of justice?

36. <u>Joint Proposed Question</u>: Have you previously served as a trial juror? Was it civil or criminal? Without telling us what the verdict was, did the jury in which you served reach a verdict? Did you consider your jury service to be a positive or negative experience (or neither)? Would your previous jury experience affect your ability to be fair and impartial in this case?

## IMMIGRATION QUESTIONS

37. <u>Government's Proposed Question</u>: Although the defendant is not charged with any criminal immigration offenses, you will hear testimony that officers involved in this case were immigration officers. Would any of this affect your ability to be fair and impartial in this matter?[11]

> <u>Defense Proposed Question</u>: You will hear that the officers in this case were immigration officers. Would the fact that the officers were immigration officers affect

---

[11] The defense respectfully object to this question. The first part of the sentence insinuates that Mr. Mejia Guzman could be facing civil immigration charges.

your ability to be fair and impartial in this case? Does anyone have any opinions of immigration officers either favorable or unfavorable that would affect your ability to evaluate their testimony the same way you would that of any other witness?

<u>PRIOR INVOLVEMENT WITH THE LEGAL SYSTEM</u>

38.     <u>Joint Proposed Question</u>: Have you, or has a family member or close friend, ever been arrested or charged with a crime or the victim of a crime? If yes, do you think you or your family member or friend was treated fairly by the criminal justice system? Would those experiences affect your ability to be fair and impartial?

39.     <u>Joint Proposed Question</u>: Have you or any member of your family or a close friend ever been the victim of or witness to any crime? If so, please approach privately and explain. Would your experience or the experience of your friend or relative affect your ability to be a fair and impartial juror in this case?

40.     <u>Joint Proposed Question</u>: Have any of you personally or in connection with your business ever been involved in, or expect to be involved in, any legal action or dispute with the United States, or any officers, agents, or employees of the United States, or had any interest in such legal action or dispute or its outcome?

41.     <u>Joint Proposed Question</u>: Have you ever been investigated for a crime?

42.     <u>Joint Proposed Question</u>: Are you or any member of your family now under subpoena or about to be in any criminal or civil case in which the United States is a party? If so, please approach privately and explain.

43.     <u>Joint Proposed Question</u>: Do you have any negative opinions about either prosecutors or defense lawyers? Would such an opinion affect your ability fairly judge Mr. Mejia Guzman?

13

44.     <u>Joint Proposed Question</u>: Do you have any negative opinions about either prosecutors or defense lawyers? Would such an opinion affect your ability fairly judge Mr. Mejia Guzman?

### ABILITY TO RENDER A FAIR AND IMPARTIAL VERDICT

45.     <u>Defense Proposed Question</u>: Is there anything about the charges in this case that would cause you to be unable to render a fair and impartial verdict?

46.     <u>Government's Proposed Question</u>: Under the law, emotions such as sympathy, bias and prejudice must not enter into the deliberations of the jurors as to whether the guilt of the defendant has been proven beyond a reasonable doubt. Do any of you believe you would have any difficulty following this rule?[12]

> <u>Defense Proposed Question</u>: You are required by law to make your decision solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, speculation, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this rule of law?

47.     <u>Defense Proposed Question</u>: It would be improper for you to consider any personal feelings you may have about Mr. Mejia Guzman's race, ethnicity, religion, national origin, sex, or age. Would any of you have any difficulty putting aside any feelings, positive or negative, about Mr. Mejia Guzman based on these considerations?

48.     <u>Defense Proposed Question</u>: Is there anyone who would not be a fair and impartial juror to Mr. Mejia Guzman, just solely because he is using a Spanish interpreter in this case?

---

[12] The Defense respectfully object to this question. The question unnecessarily focuses on the defendant's guilt and thus, it is biased for the government.

49.     Joint Proposed Question: Will each of you keep your mind open and refrain from formulating any opinion until the conclusion of the entire case and the Court's instructions on the law?

50.     Joint Proposed Question: Is there any reason that you might fail to fairly and impartially evaluate all the evidence in this case without fear or favor toward either the government or Mr. Mejia Guzman?

51.     Joint Proposed Question: Under the law, the question of punishment, if any, should not enter your deliberations on guilt or innocence. Do any of you believe that you would have any difficulty following this rule?

## WITNESSES

52.     Government's Proposed Question: The law treats all witnesses the same; they are individuals to be judged on their own merits. One or more witnesses who are members of law enforcement may be called to testify by the government. Would anyone have difficulty treating law enforcement officers like any other witness? Does anyone believe that law enforcement witnesses are more or less likely to be truthful than other witnesses?

>   Defense Proposed Question: The witnesses in this case may include law enforcement witnesses. Would you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

53.     Joint Proposed Question: Does anyone have any expectations about the types of evidence that the government should or will present in this criminal trial, or in a criminal trial more generally?

54. <u>Joint Proposed Question</u>: Would any of you be unable to follow my instructions that the government is not required to use any particular investigative technique in uncovering evidence or of prosecuting a crime?

SUMMARY QUESTION

55. <u>Joint Proposed Question</u>: These questions are intended to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, do any of you have any doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case?

ADDITIONAL QUESTIONS

The government respectfully requests that the Court ask the following additional questions to prospective jurors:

56. Is there anyone who would have trouble following the Court's instructions on the law even if you disagreed with a particular part of the law?

The Defense respectfully requests that the Court ask the following additional questions to prospective jurors after the initial round of preliminary questions:

57. What is your name?

58. How old are you?

59. What county do you live in? How long have you resided there?

60. How far did you go in school? If any advanced degrees, what are they?

61. If currently in school, where do you attend and what are you studying?

62. What type of work do you do?

63. Do you currently live with anyone? If so, what is their relationship to you? What do they do for a living?

64. Do you use social media? What kinds?

65. What do you like to do in your spare time?

66. Do you have any life experiences, attitudes, or opinions that you have not mentioned already, which you believe would interfere with your ability to be a fair and impartial juror in this case?

67. How many times per week do you read/listen to the news?

68. How do you usually get your news? List all major sources, including specific newspapers, radio programs, television programs, and/or internet sites.

69. Do you belong, or have you belonged to any social clubs, organization or volunteer groups, including any groups that take positions on social or legal issues? If yes, have you ever held a position of leadership in any organization or group?

Dated:   Central Islip, New York
         August 5, 2025

                              Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:      /s/                                        /s/
      Sarah Elardo                              Felipe Garcia
      Special Assistant U.S. Attorney           Assistant Federal Defender
      (718) 254-7000                            (718) 330-1200


cc:      Clerk of the Court (JS) (by e-mail and ECF)

17